UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ROBERT D. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 17-328-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Robert D. Campbell is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Campbell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]. For the reasons set forth below, Campbell's petition will be denied.

In 2009, Campbell was convicted of distributing cocaine base, possessing a firearm in furtherance of a drug crime, being a felon in possession of a firearm, and simple possession of cocaine base. The maximum sentence for being a felon in possession of a firearm is usually 10 years in prison. *See* 18 U.S.C. § 924(a)(2). However, the United States District Court for the Eastern District of Tennessee determined that Campbell had at least three previous convictions for violent felonies that were committed on different occasions. As a result, Campbell was subject to a mandatory minimum sentence of 15 years in prison for being a felon in possession of a firearm pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Ultimately, the district court sentenced

-1-

Campbell to 300 months in prison for that specific crime, 240 months in prison for distributing cocaine base, and 12 months in prison for simple possession of cocaine, with the lesser terms to run concurrently. Additionally, the district court sentenced Campbell to 60 months in prison for possessing a firearm in furtherance of a drug crime, to be served consecutively to the other terms. Thus, Campbell was sentenced to serve a total term of imprisonment of 360 months. *See United States v. Campbell*, No. 3:05-cr-00023 (E.D. Tenn. 2010).

Campbell challenged his sentence on direct appeal and argued, among other things, that the ACCA enhancement was inapplicable. However, the United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence. *See United States v. Campbell*, 436 F. App'x 518 (6th Cir. 2011). The court recognized that Campbell was previously convicted of facilitation of second-degree murder, aggravated assault, and two aggravated robberies. *See id.* at 529-30. The court focused on Campbell's aggravated assault and two aggravated robbery convictions and concluded that those crimes were separate offenses. *See id.* at 530-31. The court then noted, "Campbell concedes that the aggravated robberies and the aggravated assault are violent felonies. Campbell is thus subject to the enhanced-penalty provision in § 924(e) because he was found guilty of being a felon in possession of a firearm who has at least three qualifying prior violent-felony convictions." *Id.* at 531.

Campbell then filed a motion to vacate his sentence pursuant 28 U.S.C. § 2255. *See United States v. Campbell*, No. 3: 05-cr-00023 (E.D. Tenn. 2010) at Record No. 185. The district court, however, denied Campbell's motion. *See id.* It again determined that

Campbell was subject to the armed career criminal enhancement because his convictions for facilitation of second-degree murder, aggravated assault, and two aggravated robberies all constituted valid predicate offenses under the ACCA. *See id.* at 12.

Campbell appealed, and the Sixth Circuit granted a Certificate of Appealability so that it could once again consider whether he had sufficient predicate offenses to qualify for an enhanced sentence under the ACCA. *See Campbell v. United States*, No. 16-5288 (6th Cir. August 29, 2016) (order). But in March 2017, the Sixth Circuit affirmed the district court's order denying Campbell's § 2255 motion. *Campbell v. United States,* No. 16-5288 (6th Cir. March 22, 2017). Notably, the court analyzed Campbell's criminal history and concluded that his aggravated assault and two aggravated robbery convictions constituted violent felonies. *See id.* It determined that Campbell "has the requisite three violent felonies to support his career criminal designation without consideration of his facilitation conviction." *Id.* Campbell petitioned the Sixth Circuit for a rehearing en banc, but the court denied that petition on June 27, 2017. *See Campbell v. United States*, No. 16-5288 (6th Cir. June 27, 2017) (order). Finally, the Sixth Circuit issued its mandate on July 5, 2017. *See Campbell v. United States*, No. 16-5288 (6th Cir. July 5, 2017) (order).

Campbell filed his § 2241 petition with this Court just over one month after issuance of the mandate. [Record No. 1]. Once again, Campbell claims that he did not have enough predicate offenses to qualify for an enhanced sentence under the ACCA. [Record No. 1 at 7]. Indeed, Campbell argues that his convictions for facilitation of second-degree murder and aggravated assault are not violent felonies for purposes of the ACCA. As a result, he asks the Court to order that he be resentenced. [Record No. 1 at 7-19].

Campbell's § 2241 petition constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Campbell cannot use a § 2241 petition as a way of challenging his sentence.

Campbell nevertheless argues that § 2255(e)'s savings clause permits him to attack his sentence enhancement in a § 2241 petition, and he cites the Sixth Circuit's decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), as support. It is true that the Sixth Circuit indicated in *Hill* that certain prisoners may challenge a sentence enhancement in a § 2241 petition. But the court expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)," *see Hill*, 836 F.3d at 599, and Campbell was sentenced in 2010—well after the Supreme Court decided *Booker*. In any event, as this Court has recently explained, the decision in *Hill* is not binding on this Court because it is inconsistent with previous Sixth Circuit published precedent. *See Muir v. Quintana*, No. 5:17-327-DCR (E.D. Ky. August 17, 2017). Thus, Campbell's reliance on *Hill* is unavailing.

Finally, and perhaps most importantly, even if Campbell were correct that he could *yet again* attack his sentence enhancement, the fact remains that the Sixth Circuit *just*

-4-

decided this issue. Indeed, the Sixth Circuit held in no uncertain terms that Campbell "has the requisite three violent felonies to support his career criminal designation." *Campbell v. United States,* No. 16-5288 (6th Cir. March 22, 2017). Simply put, this matter has been finally resolved. Accordingly, it is hereby

**ORDERED** as follows:

1. Campbell's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 18th day of August, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge